IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

ROSA L. RICHARDS,

    Plaintiff,

V.                                                                  CIVIL ACTION NO. 3:07-00143

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits prior to June 15, 2004. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her application on March 30, 2004, alleging disability commencing January 30, 2004 as a result of poor vision, colon problems, osteoporosis, ruptured hernia with surgeries, breast lumps, shoulder problems and kidney stones. On appeal from an initial and reconsidered denial, the administrative law judge, after hearing, found plaintiff disabled as of June 15, 2004, but not before, in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time she was found disabled, plaintiff was fifty-nine years of age and had obtained a high school education. Her past relevant employment experience consisted of work as a lens

technician/inspector and lens extractor. In his decision, the administrative law judge found that, as of her alleged onset date, plaintiff suffered from vision difficulties and shoulder problems, impairments he considered severe.[1] Though concluding that plaintiff was unable to perform her past work,[2] the administrative law judge determined that she had the residual functional capacity for a limited range of medium level work prior to June 15, 2004. On the basis of this finding, and relying on Rule 203.15 of the Medical-Vocational Guidelines[3] and the testimony of a vocational expert, he found plaintiff not disabled from January 30 through June 14, 2004. As of June 15, 2004, the administrative law judge found plaintiff had the residual functional capacity for a limited range of sedentary level work and that Rule 201.06 of the Medical-Vocational Guidelines directed a finding of disabled as of that date.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. There is very little medical evidence prior to June 15, 2004, but what there is documents treatment for urological, gynecological and digestive system problems. Plaintiff was also seen on March 1, 2002 complaining of a two-week history of leg pain which was improving with medication by the date of the appointment. There was no follow-up for this condition until July 14, 2004, one month after the administrative law judge found plaintiff disabled. In January and March 2004, plaintiff was seen for complaints of a history of double vision and some vision loss in the left eye. Corrected near visual acuity measured on January 27, 2004 was 20/25 in the right eye

---

[1]The administrative law judge also found plaintiff had carpal tunnel syndrome and back/left leg pain but that these became severe only after June 15, 2004.

[2]This finding had the effect of shifting the burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[3]20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 3.

and 20/30 in the left. Corrected distance vision was 20/20 in the right eye and 20/40 in the left. She was diagnosed with a macular cyst in the left eye and vision loss, intermittent double vision, and mild cataracts and age-related macular degeneration in both eyes. Treatment consisted mainly of prescription eye drops.

Based on the results of a consultative physical examination performed by Dr. Gobunsuy on June 15, 2004, the administrative law judge determined that plaintiff's work-related abilities were so significantly limited she would be disabled under the Medical-Vocational Guidelines. Plaintiff complained to Dr. Gobunsuy of vision loss, low back pain, neck pain and hand numbness. While testing was indicative of carpal tunnel syndrome in the hands, this physician noted plaintiff could write and pick up a coin with her dominant right hand without difficulty, and he noted exam of the hands was normal. He also found "soreness" in the lumbar spine with limited range of motion, spasm in the trapezius muscles and limited range of motion of the shoulders. Neurologically, plaintiff had full muscular strength in all areas, no evidence of atrophy, intact sensation and reflexes and could stand on one leg at a time, walk on her heels, her toes and heel-to-toe in tandem, although she could not squat.

The administrative law judge, relying on the assessments from the reviewing state agency medical advisors, determined that, from January 30, 2004, plaintiff's alleged onset date, through June 14, 2004, plaintiff had the residual functional capacity for medium level work which did not require overhead reaching, fine visual acuity or exposure to temperature extremes, unprotected heights or dangerous, moving machinery. He reasoned that the consultative examination revealed new impairments of carpal tunnel syndrome and back/left leg pain which reduced plaintiff's exertional ability further to the light level. He found additional limitations such as no prolonged sitting or standing due to back pain and no constant or repetitive motion of the hands or wrists due to carpal

3

tunnel syndrome. While the vocational expert was able to cite medium, light and sedentary level jobs that fit with the initial medium work residual functional capacity, with the additional restrictions, she indicated that all medium and light level jobs would be eliminated and only sedentary jobs left. The administrative law judge, considering this residual functional capacity with plaintiff's age and other vocational factors, found that, per Rule 201.26 of the Medical-Vocational Guidelines, plaintiff would be considered disabled.

Plaintiff objects to the administrative law judge's decision not to adopt a limitation found by one of the state agency medical advisors related to limited feeling in the hands due to numbness. The administrative law judge discussed this limitation and noted he was not adopting it because it was not supported by Dr. Gobunsuy's exam findings, which reflected no abnormalities. While Dr. Gobunsuy concluded plaintiff had "numbness in the hands suggestive of carpal tunnel syndrome," clearly this was based on plaintiff's subjective reports of numbness and his findings of positive Tinel's and Phalen's tests, which are indicative of carpal tunnel syndrome.[4] He added, however, that there was no atrophy of the hand muscles, no difficulty writing or picking up coins with the right hand, and no sensory or strength deficit in any area, including the hands. While plaintiff obviously had carpal tunnel syndrome prior to June 15, 2004, substantial evidence supports the administrative law judge's finding that the medical evidence does not establish any work-related limitations due to this condition.

Plaintiff also alleges the administrative law judge's credibility assessment was deficient. The regulations describe a two-step process for evaluating symptoms.[5] The administrative law judge must

---

[4] See, Attorney's Dictionary of Medicine, T-141 and P-208 respectively (2007).

[5] See, 20 C.F.R. § 404.1529; Social Security Ruling 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

4

first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[6] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[7] The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in evaluating the intensity, persistence and limiting effects of symptoms, Craig v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

The administrative law judge, after reviewing the evidence, concluded plaintiff had underlying impairments, established by objective medical evidence, which could reasonably result in the symptoms alleged but found plaintiff's credibility to be only "fair." One reason he noted was that plaintiff failed to report any difficulty with back or leg pain when she filed her application on March 30, 2004, less than three months before her onset of disability. Plaintiff points out that when seen by her treating physician on March 1, 2002 she did complain of leg pain and muscle aches; however, she had been experiencing these symptoms for only two weeks and admitted they were improving at the time of the evaluation. Examination was unremarkable except for "some tenderness to the right gastrocnemius muscle." Range of motion and gait were normal, and the physician's assistant examining plaintiff felt it might be "just a muscle injury" that should resolve the following week with use of Celebrex. Another thing plaintiff does not mention is that after this exam she did not seek any further treatment for leg problems until July 14, 2004 when she returned to this provider

---

[6] Id.

[7] Id.

with complaints of leg, hand and vision problems. Although plaintiff may have been experiencing some symptoms in this regard prior to June 14, 2004, the medical evidence simply does not establish any limitations resulting therefrom, as the administrative law judge concluded.

Plaintiff also claims that her notation in the disability report she completed on July 26, 2004, that she was taking Celebrex for arthritis, establishes she did have a history of arthritis prior to filing her application. While the fact that she took this medication could indeed be indicative of the presence of arthritis in some area, she did not provide medical evidence to support a finding by the administrative law judge that "substantiat[ed] her history of complaints," as she alleges.[8]

Plaintiff, referring to Social Security Ruling 83-20, further contends that, in cases of "slowly progressive impairments," which apparently she is alleging she has, the onset date of disability must sometimes be inferred because the exact date cannot be determined. This Ruling also provides, however, that such a determination "must have a legitimate medical basis." Here, as the administrative law judge observed, there was very little evidence of medical treatment prior to the date of the consultative examination, and he therefore concluded the medical evidence did not establish "a legitimate medical basis" prior to that date. Considering the evidence, his finding is clearly reasonable.

Finally, plaintiff alleges the administrative law judge did not pose a proper hypothetical question to the vocational expert because he did not include limitations due to numbness in plaintiff's hands. This issue has already been discussed, and, as noted, the administrative law judge observed that no functional limitations were detected by Dr. Gobunsuy on his exam or were documented prior to that exam. Here, the administrative law judge's hypothetical questions "fairly

---

[8]See, 20 C.F.R. § 404.1508 which requires that an impairment must result from "anatomical, physiological or psychological abnormalities" and must be established by "medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statements."

set out all of [plaintiff's] impairments." Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989). Thus, this objection by plaintiff is also unsupported.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, weight given to medical opinions, assessment of plaintiff's credibility and her residual functional capacity prior to June 15, 2004 are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: September 17, 2009

*/s/ Maurice S. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE